IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil No. 08-SC-5348(ADM/JSM)

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

OCT 0 9 2008

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
v.                                   )
                                     )
1.   THOMAS JOSEPH PETTERS;          )
     PETTERS COMPANY INC.,           )
     PCI; PETTERS GROUP WORLDWIDE, LLC;   )
2.   DEANNA COLEMAN aka DEANNA MUNSON;    )
3.   ROBERT WHITE;                   )
4.   JAMES WEHMHOFF;                 )
5.   LARRY REYNOLDS dba              )
     NATIONWIDE INTERNATIONAL RESOURCES   )
     aka NIR;                        )
6.   MICHAEL CATAIN dba              )
     ENCHANTED FAMILY BUYING COMPANY;     )
7.   FRANK E. VENNES JR. dba         )
     METRO GEM FINANCE,              )
     METRO GEM INC.,                 )
     GRACE OFFERINGS OF FLORIDA LLC, )
     METRO PROPERTY FINANCING, LLC,  )
     38 E. ROBINSON, LLC,            )
     55 E. PINE, LLC,                )
     ORLANDO RENTAL POOL, LLC,       )
     100 PINE STREET PROPERTY, LLC,  )
     ORANGE STREET TOWER, LLC,       )
     CORNERSTONE RENTAL POOL, LLC,   )
     2 SOUTH ORANGE AVENUE, LLC,     )
     HOPE COMMONS, LLC,              )
     METRO GOLD, INC.;               )
                                     )
            Defendants.              )

## ORDER FOR ENTRY OF PRELIMINARY INJUNCTION, ORDER APPOINTING RECEIVER, AND OTHER EQUITABLE RELIEF

A true printed copy in __15__ sheet(s)
of the electronic record filed on __/10/08__
in the United States District Court
for the District of Minnesota.

CERTIFIED __Oct 6__, 2008

RICHARD D. SLETTEN

BY: _____
Deputy Clerk

]

Pursuant to 18 U.S.C. § 1345 and Federal Rule of Civil Procedure 65, Plaintiff United States of America ("United States") filed a Complaint for Permanent Injunction and Other Equitable Relief and moved for a ex *parte* Temporary Restraining Order ("TRO"), Preliminary Injunction, and Other Equitable Relief.  On October 3, 2008, the Court issued an ex *parte* TRO and an Order to Show Cause why a Preliminary Injunction should not be issued.  An Amended Complaint was filed on October 6, 2008.  A Stipulation was also filed on October 6, 2008, seeking that this Order for Entry of Preliminary Injunction, Order Appointing Receiver, and Other Equitable Relief be entered.

## FINDINGS OF FACT

Based upon the Stipulation, and all the files, records, and proceedings in this matter, the Court makes the following Findings of Fact:

1.   The Court has jurisdiction over the subject matter of this case and jurisdiction over the parties.

2.   Venue lies properly with the Court.

2

3.    Defendants have received the United States' Complaint for Permanent Injunction and Other Equitable Relief, dated October 2, 2008, and the Court's *ex parte* Temporary Restraining Order, dated October 3, 2008.

4.    There is probable cause to believe that certain Defendants have committed and were continuing to commit, prior to the Court's Temporary Restraining Order of October 3, 2008, mail fraud, wire fraud, and banking fraud in violation of Title 18 of the United States Code.

5.    There is probable cause to believe that the amount traceable to certain of the Defendants' fraudulent activities is at this time $3 billion.

6.    There is probable cause to believe that immediate and irreparable harm will result from certain of the Defendants' ongoing violations of federal mail, wire, and banking fraud laws, absent entry of this Preliminary Injunction and Order.

7.    The United States is likely to succeed on the merits of its Amended Complaint for Permanent Injunction and Other Equitable Relief.

3

8. Weighing the equities and considering the United States' likelihood of success in its cause of action, this Preliminary Injunction and Order is in the public interest.

9. No security is required of the United States for issuance of a Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65(c).

## I. ASSET FREEZE

IT IS THEREFORE ORDERED that Defendants PETTERS COMPANY, INC.; PETTERS GROUP WORLDWIDE, LLC; and any affiliates, subsidiaries, divisions, successors, or assigns owned 100% or controlled by the foregoing but excluding: THOMAS PETTERS, INC., and its subsidiaries including but not limited to: MN AIRLINES, LLC, dba SUN COUNTRY AIRLINES (hereinafter referred to as the "Entities"); their agents; including financial and banking institutions and other entities having possession or control of the Entities' assets; their officers; their employees; and all persons in active concert or participating with the Entities in their affairs are hereby restrained and enjoined:

A. from withdrawing or transferring up to and including $3 billion that is on deposit with or held on the Entities' behalf by any financial or banking institution, trust fund,

4

brokerage agency, or other financial agency, public or private, unless specifically authorized by Order of this Court;

B.    from transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of, in any manner, assets in real or personal property, owned, gained, or acquired by the Entities up to and including $3 billion, unless specifically authorized by Order of this Court; and

C.    from opening or causing to be opened any safe deposit boxes or storage facilities titled in the name of the Entities, or subject to access by the Entities or under their control, without providing the United States prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Preliminary Injunction, unless specifically authorized by Order of this Court.

IT IS FURTHER ORDERED that all assets, including bank accounts, of the Entities are deemed to be property of the Receivership and subject to the exclusive administration by the Receiver, as detailed in this Preliminary Injunction and Order.

5

## II.   DUTIES OF THIRD PARTIES HOLDING THE ENTITIES' ASSETS, INCLUDING FINANCIAL INSTITUTIONS

IT IS FURTHER ORDERED that any financial or brokerage institution, bank, business entity, or person having possession, custody, or control of any account, safe deposit box, or other asset of any of the Entities shall:

A.   Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any such account or other asset, except:

1.   for transfers or withdrawals directed by the Receiver for those assets over which the Receiver has control pursuant to this Order or any Order of this Court; or

2.   by further Order of this Court;

B.   Deny access to any safe deposit box titled in the name of the Entities or otherwise subject to access by the Entities;

C.   Provide to the Receiver, appointed herein, with ten (10) business days of notice of this Preliminary Injunction and Order, a statement setting forth:

1.   The identification of each account or asset titled in the name of any and all Entities;

2.    The balance of each account or a description of the nature and value of each asset under the name of any and all Entities as hereinafter defined; and

3.    The identification of any safe deposit box or storage facility that is either titled in the name of or subject to access by each of the Entities.

D.    Allow the Receiver immediate access to inspect or copy any records or other documentation pertaining to such account or asset owned or controlled by each of the Entities, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Receiver to obtain copies of any such records which the Receiver seeks, provided that such institution or custodian may charge a reasonable fee not to exceed twenty five (25) cents per page copied;

7

E.    At the direction of the Receiver, and without further order of this Court, convert any stocks, bonds, options, mutual funds, or other securities owned by each of the Entities; and

F.    Cooperate with all reasonable requests of the Receiver relating to implementation of this Preliminary Injunction and Order, including transferring funds at the Receiver's direction and producing records related to all accounts owned by each of the Entities.

### III.    RECORDKEEPING AND BUSINESS OPERATIONS

IT IS THEREFORE ORDERED that the Entities; their agents, including financial and banking institutions and other entities having possession or control of the Entities' assets; their officers; their employees; and all persons in active concert or participating with the Entities in their affairs are hereby restrained and enjoined from:

A.    failing to maintain all business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action;

B.    altering any business, corporate, foundation, banking, financial, and/or accounting records in their

8

possession that could be material to this cause of action; and

C.   disposing of any business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action.

## IV.   RECEIVERSHIP

A.   APPOINTMENT OF A RECEIVER

IT IS FURTHER ORDERED that Douglas A. Kelley is appointed Receiver for the Entities with the full power of an equity Receiver.   The Receiver shall solely be the agent of this Court in acting as Receiver under this Order and shall have judicial immunity.   The Receiver shall be accountable directly to this Court, and shall comply with any local rules of this Court governing receivers, as well as the Federal Rules of Civil Procedure.

B.   RECEIVERSHIP POWERS AND DUTIES

IT IS FURTHER ORDERED that the Receiver is directed and authorized and given all necessary powers to accomplish the following:

1.   Assume full and exclusive control of the operations of the Entities removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor,

9

employee, or agent of the Entities from control of, management of, or participation in, the business affairs of each of the Entities;

2. Take exclusive immediate custody, control, and possession of all the property, assets, and estate belonging to or in the possession, custody, or under the control of the Entities, wherever situated, except those assets seized by the United States pursuant to valid orders of a court. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets of the Entities and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Entities; PROVIDED, HOWEVER, the Receiver shall not attempt to collect any amount from a person if the Receiver believes the person was a victim of the mail, wire, or bank fraud scheme alleged in the Amended Complaint in this matter;

10

3.    Take all steps necessary or desirable to secure the business premises of the Entities.   Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable:  (a) completing a written inventory of all assets;  (b) obtaining pertinent information from all employees and other agents and all accrued and unpaid commissions and compensation of each such employee or agent; (c) videotaping all portions of the above referenced business locations;  (d) securing the above-referenced business locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations;

4.    Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Entities, including but not limited to

11

obtaining an accounting of the assets, preventing transfer, withdrawal, or misapplication of assets and including but not limited to filing any bankruptcy petitions for any of the Entities to protect and preserve the assets of any of the Entities and acting as management or Debtor in Possession of any of the Entities so filed by the Receiver, and to appear and be heard in any bankruptcy of any of the Entities not filed by the Receiver;

5. Manage, administer, and conduct the operations of the Entities, until further Order of this Court, by performing all incidental acts that the Receiver deems to be advisable or necessary;

6. Choose, engage, and employ attorneys, accountants, appraisers, property managers, and other independent contractors and technical specialists or other professionals, with regard to the operations of the Entities, as the Receiver deems advisable or necessary in the performance of duties and responsibilities

12

under the authority granted by this Preliminary Injunction and Order;

7.   Defend, compromise, or settle legal actions wherein the Receiver or any of the Entities is a party commenced prior to or subsequent to this Order with the authorization of this Court.   The Receiver may waive any attorney-client privilege held by any of the Entities.

8.   Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of or exercising the authority granted by this Preliminary Injunction and Order.   The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Entities, prior to the date of entry of this Preliminary Injunction and Order, except payments that the Receiver deems necessary or advisable to secure assets or operations of each of the Entities, including but not limited to rental payments, employee wages, critical vendors, etc.;

13

9.    Maintain accurate records of all receipts and expenditures that the Receiver makes as the Receiver under this Order; and

10.   The Receiver shall have the power and authority to perform any other act necessary or desirable to accomplish any of the foregoing.

H.    COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Preliminary Injunction and Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Entities.  The Receiver shall file with the Court and serve on the Entities, periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Preliminary Injunction and Order.  Neither the Receiver nor his professionals shall increase the hourly rates used as the bases for such fee applications without twenty (20) days prior notice filed with the Court.

14

F.   RECEIVER'S BOND

IT IS FURTHER ORDERED that the Receiver shall file with the Clerk of this Court a bond in the sum of $100,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court direction.

## V. JURISDICTION

IT IS FURTHER ORDERED:

(1)  The Court shall retain exclusive jurisdiction of this matter for all purposes; and

(2) Civil discovery during the pendency of this Preliminary Injunction is stayed.

SO ORDERED, this 6ᴰ day of October  2008.

Ann D. Montgomery
United States District Judge

15